**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GALEN LLOYD HOUSER, | No. 11-16492 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00937-GMS |
| v. | |
| CARON GRANT-ELLIS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 10, 2012[**]

Before:      WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Arizona state prisoner Galen Lloyd Houser appeals pro se from the district

court's dismissal order and summary judgment in his 42 U.S.C. § 1983 action

alleging deliberate indifference to his serious medical needs.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for failure to state a claim, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and the entry of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly dismissed defendant Baird because Houser's allegations predicate liability solely upon Baird's supervisory status. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

The district court properly dismissed defendant McMorran because Houser failed to allege facts showing that McMorran knew of and disregarded an excessive risk to his health or that McMorran's alleged failure to act was anything more than negligence. *See Toguchi*, 391 F.3d at 1058-59 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety; negligence is insufficient to establish deliberate indifference).

The district court properly granted summary judgment because Houser failed to raise a genuine dispute of material fact as to whether defendants Grant-Ellis and Salyer were deliberately indifferent to Houser's medical condition of severe psoriasis. *See id.*; *Hallett v. Morgan*, 296 F.3d 732, 744-46 (9th Cir. 2002) (delay

of medical treatment does not constitute deliberate indifference unless the delay led to further injury).

We do not consider issues not specifically raised and argued in the opening brief and the addendum to the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

Houser's contention that the district court erred in denying his request for appointed counsel is unpersuasive.

Houser's petition for the redress of grievances, received on June 22, 2012, is order filed and denied.

**AFFIRMED.**